UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA LADWIG

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE, MARGARET
DEFLEUR, AND MARIAN CAILLIER

CIVIL ACTION

NO. 09-1006-BAJ-DLD

## RULING

This matter is before the Court pursuant to a Motion for Summary Judgment filed on behalf of Defendant, The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Defendant" or "LSU") (doc. 16). Plaintiff, Lisa Ladwig ("Plaintiff"), opposed Defendant's motion (doc. 19). Defendant has replied to Plaintiff's opposition (doc. 24). Jurisdiction is based on 28 U.S.C. § 1331.

## BACKGROUND

Pursuant to LR 56.1, Defendant has submitted a statement of undisputed material facts (doc. 16-2). Plaintiff, however, has not contested those facts as required by LR 56.2.[1] Therefore, pursuant to LR 56.2, Defendant's statement of

---

[1] LR 56.2 provides:
    Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of

undisputed material facts will be deemed admitted for purposes of this motion. Those material facts are as follows:

Plaintiff was admitted to LSU's doctoral program in May 2006, and was awarded a graduate assistantship by LSU's Manship School of Mass Communication. The school paid a $ 24,000.00 stipend contingent upon Plaintiff maintaining a 3.25 GPA and performing the duties of the assistantship. (Doc. 16-2, ¶ 1).

During the time of Plaintiff's enrollment at LSU, the university had in effect policies prohibiting disability discrimination and harassment and requiring reasonable accommodations for documented disabilities. (Doc. 16-2, ¶ 3). In the fall of 2006, her first semester, Plaintiff registered with LSU's Office of Disability Service ("disability services"), which coordinates student accommodation requests. (Doc. 16-2, ¶ 5). As a result of her recurrent depression, Plaintiff received an accommodation in the form of consideration for absences. Plaintiff understood that it was her responsibility to download and access accommodation letters and to provide those letters to pertinent faculty members each time the accommodation was needed. (Doc. 16-2, ¶¶ 6, 7).

In February of 2008, Plaintiff was hospitalized as a result of an accident ("the accident") in which she sustained a head injury. (Doc. 16-2, ¶ 13).

---

the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

2

Following the accident, disability services certified Plaintiff for the additional accommodation of extended time on out-of-class assignments. Plaintiff notified her instructors about her accident via email. (Doc. 16-2, ¶ 14). According to disability services' records, Plaintiff accessed her accommodation letter only once in the entire spring semester in March 2008. (Doc. 16-2, ¶ 23). Prior to the accident, Plaintiff's professors noted that Plaintiff's work was substandard. (Doc. 16-2, ¶¶ 15-17). During the spring semester 2008, Plaintiff lived on her own, was able to feed herself, walk to class and drive her car, dress herself, do household chores, use a computer and perform the duties of her graduate assistantship. (Doc. 16-2, ¶ 24).

On May 8, 2008, Plaintiff's friend, Rich Cooper ("Cooper"), notified LSU that Plaintiff was hospitalized against her will for an indeterminate period. (Doc. 16-2, ¶ 25). On May 12, 2008, Plaintiff emailed two of her professors and requested an "I" grade in their classes.[2] (Doc. 16-2, ¶ 26). Following her hospitalization, Plaintiff was informed that she could appeal her grades. (Doc. 16-2, ¶¶ 27-30). Plaintiff did not appeal any of her grades in the courses she took in the Spring 2008 semester. (Doc. 16-2, ¶ 31). Plaintiff also requested a retroactive withdrawal, which was denied in September of 2008. (Doc. 16-2, ¶ 33).

On September 3, 2008, Plaintiff appealed the denial of the retroactive withdrawal, the decision of which was upheld on November 7, 2008 by the Office

---

[2] An "I" is an incomplete grade in a course.

of Academic Affairs. (Doc. 16-2, ¶ 34, 37). The Office of Academic Affairs offered Plaintiff two options: (1) the retroactive withdrawal of a class; or (2) the assignment of a grade of "I" with the option to complete the course work by an agreed upon deadline to receive credit for that class. (Doc. 16-2, ¶ 38). Plaintiff appealed the decision of Academic Affairs to the Chancellor's office, but failed to select either option offered by Academic Affairs. (Doc. 16-2, ¶ 39). On January 12, 2009, the Chancellor's office notified Plaintiff that her appeal was reviewed, and the decision of Academic Affairs was upheld. (Doc. 16-2, ¶ 40).

On June 27, 2009, Plaintiff filed a Charge of Disability Discrimination with the EEOC. By decision dated July 22, 2009, the EEOC concluded that there was no employer/employee relationship and issued a Notice of Right to Sue (doc. 16-2, ¶¶ 41-42). On October 15, 2009, Plaintiff filed suit in the Nineteenth Judicial District Court, alleging a claims of disability discrimination pursuant to 42 U.S.C § 12,111, *et seq.*, that LSU failed to have in effect a policy concerning disability discrimination, and intentional infliction of emotional distress against LSU and individual defendants, Assistant Dean of the School of Mass Communication, Margaret LeFleur, and Associate Vice-Chancellor for Human Resources Management, Marian Caillier ("LeFleur and Caillier"), in addition to discrimination claims pursuant to 42 U.S.C. § 1983 against LeFleur and Caillier. (Doc. 1, p. 1; doc. 1-2, pp. 1-4). On November 25, 2009, Defendants removed the action to this Court.

On December 17, 2010, LSU filed a Motion for Summary Judgment (doc. 16), submitting that Plaintiff is unable to set forth sufficient evidence to establish a violation of 42 U.S.C. § 1983, disability discrimination, and intentional infliction of emotional distress by LeFleur and Caillier, and disability discrimination and intentional infliction of emotional distress by LSU. On February 18, 2011, Plaintiff filed a Motion for Partial Dismissal (doc. 20) to dismiss her claims of intentional infliction of emotional distress and all claims against LeFleur and Caillier. On March 9, 2011, the Court granted Plaintiff's Motion (doc. 20), and dismissed all of her claims against LeFleur and Caillier, as well as her claim of intentional infliction of emotional distress (doc. 22). As such, Plaintiff's claims of discrimination pursuant to Titles I and II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), are the remaining claims before the Court. (Doc. 16).

## ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth

specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## I. Title I Disability Discrimination Claim

Title I of the ADA, 42 U.S.C. §§ 12102 *et seq.*, prohibits discrimination in employment against a qualified individual on the basis of his disability.[3] To prevail on her Title I ADA claim, Plaintiff must establish that: 1) she has a disability within the meaning of the ADA; 2) she was qualified for the position in which she sought employment; and 3) she was discriminated against because of her disability. *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).

---

[3] The ADA was amended on September 25, 2008, with an effective date of January 1, 2009. ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008). The Fifth Circuit noted in *E.E.O.C. v. Agro Distribution, LLC*, that the ADAAA does not apply retroactively. 555 F.3d 462, 69 n. 8 (5th Cir. 2009). The Fifth Circuit further noted in *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 618 (5th Cir. 2009), that relevant time for assessing the existence of a disability is the time of the adverse employment action. Plaintiff alleges that the ADA discrimination occurred during her spring semester—January 2008 through May 2008—prior to the effective date of the ADAAA. Thus, the Court applies the ADA as it existed prior to the ADAAA.

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "Major life activities refer to those activities that are of central importance to most people's everyday lives." *Jenkins*, 487 F.3d at 315. The EEOC's regulations implementing the ADA provide a non-exhaustive list of "major life activities." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). Such activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (2010). "To be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Hale* at 500, *citing* 29 C.F.R. § 1630.2(j)(1)(i)-(ii).

LSU concedes that Plaintiff's depression and anxiety are a disability; however, LSU argues that Plaintiff is unable to prove that her disability substantially limits a major life activity as required under the ADA. (Doc. 16-1, p. 3). Since the Court finds that Plaintiff has not set forth facts to satisfy the second and third prongs of the analysis, the Court will not make a finding as to whether Plaintiff's disability qualifies under the ADA.

As for the second and third prongs of the analysis, Plaintiff has neither alleged facts that she was qualified to perform the essential functions of the job,

7

nor that she suffered an adverse employment action.[4] Even assuming, *arguendo*, that Plaintiff's graduate assistantship could be considered "employment" pursuant to the ADA, the Court notes that Plaintiff does not allege that she was qualified to perform the essential functions of her job as required by the second prong of the analysis. Moreover, she does not allege that she was discriminated against as an employee in the performance of a job. As such, because of her failure to address the second and third prongs of the analysis, *inter alia*, the Court concludes that Plaintiff has failed to set forth sufficient evidence to meet her burden of establishing a *prima facie* case of discrimination under the ADA.

## II.  Title II Disability Discrimination Claim

Title II of the ADA, 42 U.S.C. § 12132, provides that:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

For Plaintiff to prevail on her disability discrimination claim under Title II of the ADA, Plaintiff must allege that: (1) she has a qualifying disability; (2) she is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3)

---

[4]  The Court notes that Plaintiffs allegations of discrimination LSU are with respect to her performance as a student, as she alleges that her teachers failed to make reasonable accommodations regarding allowances for absences and for extended time to complete out-of-class assignments. (Doc. 16-2).

8

such discrimination is by reason of her disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Plaintiff asserts that LSU, a public entity, discriminated against her by failing to make reasonable accommodations for her. (Doc. 1-2). As mentioned, *supra*, LSU accommodated Plaintiff by furnishing her with a letter that allowed her consideration for her absences from class, and extra time to turn in out-of-class assignments. However, Plaintiff only availed herself of the accommodation letter once in the Spring 2008 semester–on March 10, 2008. LSU asserts that it "cannot be deemed liable for violating the ADA when plaintiff has no proof that she was denied a requested accommodation." (Doc. 16-1, p. 17). The Court agrees, and concludes that Plaintiff cannot prove a *prima facie* case of disability discrimination pursuant to Title II of the ADA.

Accordingly, the Court finds that Plaintiff has failed to set forth sufficient evidence to establish a case of disability discrimination, and Plaintiff's Title I and II ADA claims of discrimination are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (doc. 16) is hereby **GRANTED**, and all claims by Plaintiff against Defendant are hereby **DISMISSED** with prejudice.

Baton Rouge, Louisiana, January 31, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA